UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAMES F. BOYLE,

                                    Plaintiff,

                v.                              7:07-CV-0084
                                                    (TJM)(GJD)

FREDERICK E. PADDOCK, Hammond Town Attorney, *et al.*,

                                    Defendants.
_____

APPEARANCES:

JAMES F. BOYLE
Plaintiff, *pro se*

THOMAS J. MCAVOY, SENIOR JUDGE

## DECISION and ORDER

### I. Background

      Presently before the Court is an amended complaint and application to proceed *in forma pauperis* filed by plaintiff James F. Boyle.[1]  Dkt. Nos. 9, 10.  The amended complaint was submitted by plaintiff in compliance with the Decision and Order issued by this Court on February 8, 2007 ("February Order").  Dkt. No. 8.  Plaintiff has also submitted a Motion for Summary Judgment, a second Motion for Service, and a second Motion for Appointment of Counsel, which are contained within his amended complaint.  Dkt. No. 9 at 9, 10, 11.

      In its February Order, the Court advised plaintiff that he must identify the

---

    [1]  Plaintiff has also submitted numerous exhibits which were traditionally filed by the Clerk's Office.

constitutional or civil rights that he claims have been violated, rather than set forth a series of allegations regarding violations of state and, possibly, local laws. Dkt. No. 8 at 3. The Court further advised plaintiff that he cannot prevail on any claims which occurred prior to January 23, 2004, due to the three year statute of limitations for § 1983 actions arising in New York. *Id.* at 3-4. Plaintiff was advised that his amended complaint must clearly set forth the facts that give rise to his claims. *Id.* at 4. The February Order also denied plaintiff's Motion for Appointment of Counsel and Motion for Service.[2]  *Id.* at 5-6.

## II.  The Amended Complaint

In his amended complaint, plaintiff claims that defendants Hollister and Teele assessed his property improperly. Dkt. No. 9 at 2. The Hammond Town Board is alleged to have destroyed evidence of "reckless endangerment" and "compelled servitude." *Id.* at 4. Defendant Paddock allegedly "suppressed plaintiff's notice of 'reckless endangerment'" and "cover[ed] a crime with the look of legality." *Id.* at 4, 9. Plaintiff claims that defendant Hadlock, a plowman, discontinued "service to insure public safety." *Id.* at 9.

Initially, the Court notes that plaintiff has not personally signed the amended complaint. Documents that are submitted for filing with the Court must bear the original signature of the party of record. *Lee v. Supt. of N.Y.S. Div. of Parole*, No. 97-CV-0473, 1997 WL 538909 (N.D.N.Y. Aug. 26, 1997) (Pooler, D.J.) (citations omitted). Nevertheless, in light of plaintiff's *pro se* status, the Court has reviewed the amended complaint to determine whether plaintiff has complied with the Court's February Order.

The Court's review of plaintiff's amended complaint reveals that it does not comply

---

[2] The Court denied these motions because plaintiff had not filed an application to proceed *in forma pauperis* or submitted any other evidence of indigence. *Id.* at 5-6.

with the February Order.  Plaintiff's amended complaint is disjointed and confusing.  It contains several mathematical computations which are not clearly explained.  Dkt. No. 9 at 3-6.  Plaintiff does not clearly identify the individuals against whom he wishes to proceed in this action.[3]  Plaintiff also does not state what constitutional and/or civil rights were violated by the defendants.  Rather, plaintiff claims he is "seeking 'equal justice' as promised by the Government of Washington, Jefferson, and Hamilton" and that defendants have formed a "cabal" to deprive him of "property, liberty and the pursuit of retirement happiness." *Id.* at 8.

Most importantly, plaintiff's amended complaint does not set forth specific allegations of fact.  The law in this Circuit clearly provides that "complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning." *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (citing *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987) (other citations omitted)); *Pourzandvakil v. Humphry*, 94-CV-1594, 1995 U.S.Dist. LEXIS 7136, *24-25 (N.D.N.Y. May 22, 1995) (Pooler, J.) (citation omitted).  Plaintiff's amended complaint contains only conclusory allegations of wrongdoing against defendants.  For example, plaintiff claims that defendant Paddock "'suppressed' plaintiff's notice of 'reckless endangerment.'" Dkt. No. 9 at 4.

---

[3] Plaintiff's amended complaint includes a caption identifying only "Frederick E. Paddock, Hammond Town Attorney, *et al.*" as defendants.  The amended complaint does contain claims against previously named defendants Paddock, Hollister, Teele, Hadlock, and the Hammond Town Board.  However, plaintiff does not assert any allegations of wrongdoing against Pitcher, Tulley, Stewart, and Langtry, members of the Hammond Town Board who were named as defendants in his original complaint.  It is unclear whether plaintiff wishes to proceed against these individuals.

3

However, plaintiff provides no explanation of what this notice was about or how the alleged suppression violated his federally protected rights.

The Court notes that plaintiff seeks to support his allegations by attaching multiple exhibits.[4] However, plaintiff may not rely on information contained in exhibits as the means of setting forth his claims. As advised by the February Order, plaintiff must provide specific allegations of wrongdoing against each individual defendant in the body of his complaint. While plaintiff may attach exhibits to his complaint, he may not incorporate them by reference as a means of providing the factual basis for his claims.

In light of the foregoing and for the reasons set forth in the February Order, the Court finds that plaintiff's amended complaint fails to state a claim upon which relief may be granted. The Court hereby **dismisses this action**.[5]

### III. Motions for Summary Judgment, Service of Process, and Appointment of Counsel

Plaintiff has also submitted a Motion for Summary Judgment, a second Motion for Service of Process, and a second Motion for Appointment of Counsel, all of which are contained within the body of his amended complaint. Dkt. No. 9. In light of the Court's ruling on the amended complaint filed herein, plaintiff's Motions are denied as moot.

WHEREFORE, it is hereby

ORDERED, that this action is **dismissed** due to plaintiff's failure to file an amended complaint which states a claim upon which relief may be granted, and it is further

---

[4] Plaintiff states that he "provides the following documents as 'established fact'" in reference to the numerous exhibits he submitted in conjunction with his amended complaint. Dkt. No. 9 at 6.

[5] The Court has directed the Clerk to return the exhibits to plaintiff.

ORDERED, that plaintiff's application to proceed *in forma pauperis* (Dkt. No. 10) is **denied** as moot, and it is further

ORDERED, that plaintiff's Motion for Summary Judgment (Dkt. No. 9 at 9) is **denied** as moot, and it is further

ORDERED, that plaintiff's Motion for Service (Dkt. No. 9 at 10) is **denied** as moot, and it is further

ORDERED, that plaintiff's Motion for Appointment of Counsel (Dkt. No. 9 at 11) is **denied** as moot, and it is further

ORDERED, that the Clerk return all documents labeled "exhibits" to plaintiff by regular mail, and it is further

ORDERED, that the Clerk serve a copy of this Order on plaintiff by regular mail.

IT IS SO ORDERED.

DATED: March 13, 2007

Thomas J. McAvoy
Senior, U.S. District Judge